**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID ANGEL SIFUENTES III., | ) | Case No. 1:25-cv-1253 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| PROGRESSIVE CORPORATION, | ) | |
| (a/k/a Progressive Casualty | ) | |
| Insurance Company) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff David Sifuentes filed this action without a lawyer, bringing a variety of claims against his former auto insurance provider, Defendant Progressive Corporation. Defendant indicates that its correct name as relevant here is Progressive Marathon Insurance Company. (ECF No. 22, PageID #340.) Plaintiff's claims involve two separate sets of operative facts: (1) a 2018 data breach that compromised Progressive's data and leaked some of Mr. Sifuentes' personal information; and (2) two insurance claims in December 2024 and February 2025, which Mr. Sifuentes alleges Progressive settled improperly.

Progressive moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6). In doing so, Progressive asks the Court to take judicial notice of several court documents outside the pleadings. In response, Mr. Sifuentes moves for summary judgment and to strike Progressive's affirmative defenses. Also, Plaintiff requests appointment of counsel and electronic access for filing. For reasons that

1

follow, the Court **GRANTS IN PART** Defendant's motions for judicial notice and **GRANTS** Progressive's motion to dismiss; **DENIES** Plaintiff's requests for appointed counsel, electronic access to the docket, and leave to amend; and, therefore, determines that Plaintiff's motion for summary judgment and motion to strike Progressive's defenses are **MOOT**.

## FACTUAL AND PROCEDURAL BACKGROUND

Taking the facts alleged in the amended complaint as true and construing them in Plaintiff's favor, as the Court must in the current procedural posture, the complaint alleges the following facts.

### A.    First Amended Complaint

### A.1.    2018 Data Breach

Mr. Sifuentes resides in Grand Rapids, Michigan and was an insurance customer of Progressive's from 2018 through 2025.  (ECF No. 14.)  In March 2018, unauthorized users infiltrated Progressive's system and exposed sensitive customer data.  (ECF No. 14, ¶ 8, PageID #194.)  Mr. Sifuentes was unaware of this incident until May 2025, when he received a cybersecurity alert that the credentials linked to his Progressive account appeared on the dark web.  (*Id.*, ¶ 10, PageID #194.)  Through this data breach, Mr. Sifuentes alleges that he was a victim of identity theft and "experienced unauthorized logins and reputational harm."  (*Id.*, ¶ 11, PageID #195.)  He does not explain what the identity theft and reputational harms consisted of, or how damages resulted.  Mr. Sifuentes does allege that Progressive never notified him of the breach after it occurred.  (*Id.*, ¶ 9, PageID #194.)

### A.2.  Insurance Claims

On December 14, 2024, Mr. Sifuentes's vehicle, which he insured with Progressive, was involved in an accident. (*Id.*, ¶ 15, PageID #195.)  On February 10, 2025, that same vehicle was destroyed in a fire. (*Id.*)  When Mr. Sifuentes filed insurance claims following these incidents, Progressive denied portions of his claims and notified LexisNexis Risk Solutions, Inc. that he was at fault for the accidents and insurance losses. (*Id.*, ¶¶ 12 & 16, PageID #195.)  Mr. Sifuentes asserts that Progressive's reports to LexisNexis resulted in "denial of credit, increased premiums, and reputational injury." (ECF No. 14-2, ¶ 7, PageID #204.)  Thereafter, Progressive and Mr. Sifuentes entered into an agreement settling these claims. (ECF No. 14, ¶ 16, PageID #195.)  Mr. Sifuentes indicates that he only accepted the settlement under duress, "as he was without transportation at the time of the settlement and Progressive advised him that non-acceptance would void coverage." (*Id.*, ¶¶ 16 & 17.)  For this reason, he notified Progressive at the time of settlement that he intended to pursue legal action. (ECF No. 14-2, ¶ 12, PageID #204.)

\*      \*      \*

Mr. Sifuentes' eleven-count amended complaint presents claims arising out of both the data breach and insurance settlement.  In relation to the insurance settlement, he asserts claims under the Fair Credit Reporting Act (Count I).  With respect to the data breach, he brings a claim under the Computer Fraud and Abuse Act (Count II).  For each set of facts, he asserts claims for negligence and gross negligence (Count III), breach of contract (Count IV), fraud and misrepresentation

(Count V), and breach of fiduciary duty (Count VII).  Additionally, he brings claims for defamation and false reporting (Count VI), civil rights violations (Count VIII), invasion of privacy (Count IX), bad faith and unfair business practices under Michigan law (Count XI), and intentional and negligent infliction of emotional distress (Count X).  (ECF No. 14, PageID #196–97.)

Mr. Sifuentes alleges that he suffered loss of income, reputational damage, emotional distress, and costs associated with identity theft risk mitigation.  (ECF No. 14-2, ¶ 23, PageID #205.)  He seeks $300,000 in actual damages, $25,000,000 in punitive damages, and declaratory and injunctive relief.  (*Id.*, at ¶ 24.)

### B.      Related Lawsuits

The judicial system is familiar with much of the fact pattern outlined above. In 2025, Mr. Sifuentes pursued a lawsuit in Michigan State court that challenged Defendant's handling of the same two automobile insurance claims and did so on similar grounds. (ECF No. 14-3 & 20-1; *Sifuentes v. Progressive Mich. Ins. Co.*, No. 25-00225-NZ (Mich. Cir. Ct. 2025).  That case concluded on April 3, 2025 when the court granted Progressive's motion for summary disposition.  (ECF No. 14-3.)  Although Mr. Sifuentes intended to seek an appeal in that case, he was not able to post the $25,000 appeal bond which the Michigan court set in recognition of Mr. Sifuentes' pattern of behavior as a litigator.  (ECF No. 20-2, PageID #268; ECF No. 14-1, PageID #200.)  Describing his litigation conduct, the Michigan court noted that Mr. Sifuentes "filed numerous motions in this case and has also filed another action involving the same claims," as well as numerous related motions in the court of appeals and in the Michigan Supreme Court.  (ECF No. 20-2, PageID # 267.)  Also, it cited Mr. Sifuentes'

4

admission that "he had filed 10–20 lawsuits in the past 3 years and that number was closer to 60 when appeals are considered." (ECF No. 20-2, PageID #268.)

When the Michigan court dismissed Mr. Sifuentes' claims through summary disposition, it made several findings. (ECF No. 14-3.) The court found that Progressive based its fault determination on police reports and that this was not a negligent or improper means of making the determination (*Id.*, PageID #211–12.) Additionally, no contractual term obligated Progressive to conduct a deeper investigation into either vehicle incident. (*Id.*, PageID #213.) Finally, it found that Mr. Sifuentes was unable to establish damages for his claims because Progressive paid him a settlement. (*Id.*, PageID #211 & #213.) On these grounds, the court dismissed the entire suit, including claims for negligence, defamation, breach of contract, bad faith dealing, and intentional and negligent infliction of emotional distress. (ECF No. 14-3.)

After Defendant brought this earlier case to the Court's attention, Mr. Sifuentes acknowledged it in his amended complaint. (ECF No. 14, PageID #195 & #200.) Because of his dissatisfaction with how the Michigan court engaged with his claims, he hopes to have these same matters litigated anew. (*Id.*, ¶¶ 19–23, PageID #195.) According to Mr. Sifuentes, "[b]ecause Plaintiff was denied due process and equal protection, no valid final judgment exists; therefore, res judicata and collateral estoppel do not apply." (*Id.*, ¶ 24, PageID #195.)

At this time, Mr. Sifuentes is also pursuing a federal lawsuit in the Northern District of Georgia which bears a strong resemblance to this one, concerns the same

5

auto insurance settlement, and names Progressive as one of its defendants. (ECF No. 20-4.) Previously, he filed another similar federal lawsuit against Progressive in the Western District of Michigan before voluntarily withdrawing his complaint. (ECF No. 20-3.)

Three weeks before filing this lawsuit, Mr. Sifuentes filed a federal lawsuit against Xfinity, Comcast Corporation in which he alleged a 2018 data breach with facts substantially similar to those presented here. (ECF No. 10-3.) Before filing this lawsuit against Progressive, Mr. Sifuentes withdrew his complaint against Xfinity without prejudice. (ECF No. 10-2.)

### C.    Pending Motions

Defendant moves to dismiss for failure to state a claim on which relief can be granted. (ECF No. 21.) In support of the motion to dismiss, Defendant also filed two motions requesting that the Court take judicial notice of several documents from State and federal court cases involving Plaintiff and some of the facts he presently alleges. (ECF No. 10; ECF No. 20.) Plaintiff opposes judicial notice of these documents. (ECF No. 23.)

Plaintiff moves for summary judgment (ECF No. 25.) and to strike Defendant's affirmative defenses (ECF No. 26). Additionally, he requests appointed counsel and unlimited PACER access. (ECF No. 27.) Based on its review of the record, the Court determines that resolution of the pending motions does not require oral argument.

## ANALYSIS

### I.    Appointment of Counsel

As an initial matter, Mr. Sifuentes requests that the Court appoint counsel. (ECF No. 27.)   A district court has the discretion to appoint counsel in a civil proceeding.  *See Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993); 28 U.S.C. § 1915(e)(1).   In civil cases, there is no constitutional right to the assistance of a lawyer.  Unlike in a criminal case, the Constitution does not entitle a civil litigant to a lawyer.  Appointment of counsel is a privilege that "is justified only by exceptional circumstances."   *Lavado*, 992 F.2d at 606. (citation omitted).   When determining whether exceptional circumstances exist, courts generally examine "the complexity of the factual and legal issues involved" and "the plaintiff's ability to represent himself."  *Id.* at 606 (cleaned up).  "Courts should not appoint counsel when the claims are frivolous or when the chances of success are extremely slim."  *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (citation and quotation marks omitted).

The Court has no doubt that Mr. Sifuentes would benefit from the assistance of a lawyer—most litigants would—and that he has exhausted all normal channels for finding representation.  However, the Court discerns no exceptional circumstance warranting the appointment of counsel.  Nor does it appear that counsel would make a difference in the ultimate outcome of this case.  Therefore, the Court **DENIES** Plaintiff's request for appointment of counsel.

7

## II.     Defendant's Motion to Dismiss

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits, *see e.g.*, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or create claims for them. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Under Rule 12(b)(6), a court may dismiss a complaint if it fails to state a claim on which a court may grant relief. Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) tests "the plaintiff's cause of action as stated in the complaint" and is "not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). To survive a motion to dismiss, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5.

On a motion to dismiss, the Court construes factual allegations in the light most favorable to the plaintiff, accepts them as true, and draws all reasonable

8

inferences in the plaintiff's favor.  *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015) (citing *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  But a pleading must offer more than mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Nor is a court required to accept "[c]onclusory allegations or legal conclusions masquerading as factual allegations."  *Eidson v. Tennessee Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 544).

Therefore, a court must distinguish between "well-pled factual allegations," which must be treated as true, and "naked assertions," which need not be.  *Iqbal*, 556 U.S. at 678 (cleaned up); *see also, e.g.*, *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 375 (6th Cir. 2011) (determining that because some of the plaintiff's factual allegations were not well-pled, their conclusory nature disentitled them to the presumption of truth).  To withstand a motion to dismiss, a plaintiff need not include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at 678-79.

## II.A.  Judicial Notice

For the purpose of considering Defendant's motion to dismiss, Defendant requests that the Court take judicial notice of several court documents that are outside the record.  (ECF No. 10; ECF No. 20.)  These documents include orders and filings from Plaintiff's lawsuits against Defendant in Michigan and in the Northern

9

District of Georgia, as well as a Western District of Michigan docket report labeling Plaintiff a restricted filer.  (*Id.*)  Mr. Sifuentes objects to this request.  (ECF No. 23.) First, he argues that while the Court may acknowledge the existence of the filings, the Court cannot accept any contested facts as true.  (*Id.*, PageID #354.)  Second, Plaintiff suggests that his "restricted filer" designation is irrelevant and merely an attempt by Defendant to make propensity inferences.  (*Id.*)

Generally, a court may not consider documents outside the pleadings when deciding a motion under Rule 12(b)(6).  *Gunasekera v. Irwin*, 551 F.3d 461, 469 n.4 (6th Cir. 2009).  However, a court may "take judicial notice of 'matters of public record'" when undertaking a Rule 12(b)(6) analysis, but "only when the 'contents prove facts whose accuracy cannot reasonably be questioned.'"  *Electronic Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023) (quoting *Golf Vill. North, LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021), and *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)).  Additionally, the Sixth Circuit "has taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)."  *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001).  If a document is "referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings."  *Id.* (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).

Plaintiff refers to the State court and federal court proceedings in his complaint.  (ECF No. 14, ¶¶ 19–26, PageID #195–96; ECF No. 14-2.)  Additionally, both parties refer to the earlier proceedings in their briefs.  (ECF No. 21-1, PageID

10

#320–22; ECF No. 23, PageID #353.)  Although Mr. Sifuentes presents arguments regarding the relevance and permissible use of these documents, he does not question the accuracy of their contents.  (ECF No. 23, PageID #354.)  Accordingly, the Court takes notice of all related lawsuits, in particular their outcomes, claims, and dates of filing and decision.  (ECF No. 10; ECF No. 20.)  In doing so, the Court continues to take the allegations in the complaint in this case as true and construes them in Plaintiff's favor.

### II.B.  Issue Preclusion

Defendant argues that Plaintiff's insurance settlement-related claims are precluded because the Michigan State court already decided the underlying issue in Progressive's favor.  (ECF No. 21-1, PageID #326–29.)  In Defendant's view, the Michigan court's finding that Progressive adequately investigated Plaintiff's vehicle accidents and property determined that Plaintiff was at fault is a critical determination which is ultimately fatal to all of Plaintiff's auto insurance-related claims.  (ECF No. 21-1, PageID #328–29.)  Additionally, Defendant notes that the Michigan court expressly dismissed six of the auto insurance-related claims asserted in this case:  negligence (Count III), breach of contract (Count IV), defamation (Count VI), intentional and negligent infliction of emotional distress (Count X), and bad faith (Count XI).  (*Id.*, PageID #328.)

Collateral estoppel, also known as issue preclusion, "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411 (2020) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  The doctrine "bars 'successive

11

litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)).  Issue preclusion prevents "repetitive litigation of the same issue between the same parties[,]" so that "if two parties actually litigated an issue in a prior case, and a court necessarily decided the issue pursuant to entry of a final judgment, then the losing party cannot relitigate the issue against the winner in a later case." *Amos v. PPG Industries, Inc.*, 699 F.3d 448, 451 (6th Cir. 2012).  "Essentially, parties get one chance to litigate an issue of fact or law." *Pogue v. Principal Life Ins. Co.*, 979 F.3d 534, 536 (6th Cir. 2020).

"When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action." *In re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999).  Under Michigan law, issue preclusion applies where three elements are satisfied:  (1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment; (2) the same parties had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel, meaning the party seeking to enforce the earlier adjudication would have been bound by an adverse judgment in it. *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 846–47 (Mich. 2004) (citations omitted).

12

A question of fact in an action is considered "actually litigated" if it was "put into issue by the pleadings, submitted to the trier of fact for determination, and is thereafter determined."  *Latimer v. William Mueller & Son, Inc.,* 386 N.W.2d 618, 627 (Mich. Ct. App. 1986) (citation omitted).  An issue is necessarily determined only if it is "essential" to the judgment previously entered.  *People v. Gates*, 452 N.W.2d 627, 631 (Mich. 1990).  Where an action is resolved by summary disposition, that outcome "triggers the doctrine of collateral estoppel on relitigation" of its essential factual determinations.  *National City Bank of Mich./Il. v. Employees Life Co. Mut.*, No. 227559, 2002 WL 1308638, at *2 (Mich. Ct. App. June 11, 2002).

Parties had a full and fair opportunity to relitigate an issue where the party against whom preclusion is sought could, "*as a matter of law*, have obtained review of the judgment in the initial action."  *Monat,* 677 N.W.2d. at 847.  And mutuality of estoppel is not an issue where, as here, the parties or their privies litigated in a prior action.  *Id.* (citations omitted).

When it comes to Plaintiff's claims based on his auto insurance dispute with Progressive, the present lawsuit raises questions about the company's performance of its duties and response to the claims Mr. Sifuentes submitted.  Also, Plaintiff claims damages not fully redressed by his settlement with Defendant.  In a final judgment on the merits, the Michigan court directly addressed these questions.  Further, the Michigan court engaged with those questions as essential issues in the litigation before it.  "*[A]s a matter of law,*" Mr. Sifuentes could have sought appeal of the Michigan court's finding.  *Id.*  He did not, and he cannot relitigate the issues here.

13

The doctrine of issue preclusion bars all of Plaintiff's claims arising from his complaints about Progressive's handling of his auto insurance claims from further consideration.

### II.C.  Failure to State a Claim

The Court proceeds to consider the remaining data breach-related claims under Rule 12(b)(6).  Plaintiff's allegations regarding the data breach give rise to claims under the Computer Fraud and Abuse Act (Count II) and for negligence and gross negligence (Count III), breach of contract (Count IV), fraud and misrepresentation (Count V), breach of fiduciary duty (Count VII), invasion of privacy (Count IX), and intentional and negligent infliction of emotional distress (Count X). (ECF No. 14, PageID #196-97.)

### II.C.1. Computer Fraud and Abuse Act (Count II)

First, the Court considers Plaintiff's claim that Defendant violated the Computer Fraud and Abuse Act (Count II).  This federal statute imposes civil liability on anyone who knowingly "accesses a protected computer without authorization or exceeds authorized access" of a protected computer.  18 U.S.C. § 1030(a)(4).  To state a civil claim under this statute, a plaintiff must show that "(1) a particular defendant (i) intentionally accessed (ii) a protected computer (iii) without authorization, (iv) causing damage or loss to it, and that (2) the defendant's actions caused $5,000 of 'loss' within a one-year period as forth in § 1030(c)(4)(A)(i)(I)."  *DeSoto v. Board of Parks & Recreation*, 64 F. Supp. 3d 1070, 1101 (M.D. Tenn. 2014).

Plaintiff fails to state a claim against Progressive under this statute.  Someone likely engaged in conduct that violates this statute by accessing a computer without

14

authorization.  But that person is not Progressive—and Plaintiff does not allege that it was.  Indeed, he pleads that "Progressive's systems were infiltrated by unauthorized users, exposing sensitive customer data."  (ECF No. 14, ¶ 8, PageID #194.)  According to Plaintiff's own allegations, Progressive was not the party that obtained unauthorized access.  Because Plaintiff cannot establish an element of this claim, Progressive is not liable under the statute.

### II.C.2. State-Law Claims

In the remaining counts, Plaintiff asserts claims under State law, over which the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Under federal law "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III."  28 U.S.C. § 1367(a).  This grant of jurisdiction brings all claims arising from a common nucleus of operative fact before the Court.  *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016).

Even then, a court "may decline to exercise supplemental jurisdiction" in certain circumstances.  28 U.S.C. § 1367(c).  Supplemental jurisdiction "is a doctrine of discretion."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  To determine whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity[.]"  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also James v. Hampton*, 592 F. App'x 449, 462–63

15

(6th Cir. 2015) (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1882 (6th Cir. 1993)).  Section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Because the Court dismisses all of Plaintiff's federal claims, the Court may, in its discretion, either retain jurisdiction over Plaintiff's State-law claims and proceed on the merits, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009), or decline jurisdiction and dismiss the complaint without prejudice to Plaintiff's right to pursue the remaining claim in State court, *see* 28 U.S.C. § 1367(c)(3).  "[G]enerally 'when all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the [S]tate law claims." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 585 (6th Cir. 2011) (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)); *see also Juergensen v. Midland Funding, LLC*, No. 5:18-cv-1825, 2018 WL 5923707, at *2 (N.D. Ohio Nov. 13, 2018).

Based on its review of the record, and in the interest of judicial economy given the number of lawsuits Plaintiff has pursued against Progressive, the Court exercises its discretion to retain supplemental jurisdiction over Plaintiff's remaining State-law claims, which arise out of the data breach.

### II.C.2.a. Choice of Law

A federal court exercising diversity jurisdiction applies the choice of law rules of the forum State. *Mulch Mfg., Inc. v. Advanced Polymer Sols., LLC*, 947 F. Supp. 2d 841, 854 (S.D. Ohio 2013). Ohio employs the choice-of-law rules of the Restatement (Second) of Conflict of Laws. *Galaria v. Nationwide Mut. Ins. Co.*, No. 2:13-cv-118, 2017 WL 4987663, at *5 (S.D. Ohio Aug. 16, 2017) (citations omitted). In a matter of contract law, where the parties have not expressly made a choice of law, the Restatement applies the law of the State which "has the most significant relationship to the transaction and the parties." Restatement (Second) of Conflict of Laws § 188(1) (1971). Similarly, "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties." Restatement (Second) of Conflict of Laws § 145 (1971). Among the considerations are the place where the injury and conduct occurred as well as the respective domiciles of the parties. *Id*. At the motion-to-dismiss stage, the Court assumes, without deciding, that Michigan law applies to Plaintiff's claims because Mr. Sifuentes resides there.

### II.C.2.b. Statutes of Limitations

Mr. Sifuentes bases his claims under State law on a data breach that occurred in March 2018. (ECF No. 14, ¶ 8, PageID #194.) He filed this lawsuit in June 2025—more than seven years later. Under Michigan law, Plaintiff's claims for fraud, breach of contract, and his statutory claims have the longest limitations period: six years.

17

Mich. Comp. Laws § 600.5813; *id.* § 600.5807(9); *id.* § 445.911(9). Michigan law has shorter limitations periods for Plaintiff's other claims. *See, e.g., id.* § 600.5805(2) (three years for tort claims); *id.* § 600.5805(11) (one year for defamation).  In response to Defendant's motion to dismiss based on the applicable statutes of limitations, Plaintiff makes no argument that a discovery rule applies that might make his claims timely.  It is not the Court's job to make arguments for a *pro se* litigant or to do legal research that might support his position.  It is enough that he has failed to do so. Under Michigan law, Plaintiff waited too long to bring his claims.  They are time-barred.

## III.   Leave to Amend

At the end of his opposition to Defendant's motion to dismiss, Plaintiff includes a request for leave to amend.  (ECF No. 23, PageID #355.)  In its entirety, that request reads: "If the Court identifies any pleading deficiency, Plaintiff respectfully requests leave to amend.  Amendments should be freely granted when justice so requires." (*Id.* (citations omitted).)  Plaintiff fails to attach any proposed amendment or to identify with any specificity what allegations he might wish to amend.  His request is not proper.

Procedurally, Rule 15 generally directs a court to give leave to amend freely. Fed. R. Civ. P. 15(a)(2).  However, perfunctory amendment requests at the end of a brief are inadequate.  *See Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 305 (6th Cir. 2011).  "[A] request for leave to amend, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss

is not a motion to amend." *Alexander v. Eagle Mfg. Co.*, 714 F. App'x 504, 511 (6th Cir. 2017) (cleaned up). And an amendment request in a brief opposing a Rule 12 motion does not constitute a proper motion. *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000). Plaintiff has not separately moved for leave to amend or proffered a proposed amended complaint. Therefore, the Court will not allow Plaintiff to amend the complaint.

## IV.    Remaining Motions

Mr. Sifuentes requests free and unlimited PACER access for the duration of this case. (ECF No. 27.) He contends that without "meaningful electronic docket access," he is impaired in his ability to "review and cite records referenced by Defendant." (*Id.*, PageID #390.)

PACER is an online public platform that allows users to access court dockets and filings across the federal court system. Users create free accounts and then pay between $0.10 to $3.00 for each document printed, viewed, or downloaded. However, fees are waived if a user accrues less than $30 of charges within one quarter of the calendar year or if he is party in a case and receives a free copy from the court. PACER content may also be accessed for free at courthouse public access terminals. 28 U.S.C.A. § 1914 note (Judicial Conference Schedule of Fees, Electronic Public Access Fee Schedule).

"[F]ee exemptions are the exception, not the rule." *Stinson v. Fowlkes*, No. 2:22-cv-02694, 2023 WL 3938880, at *9 (W.D. Tenn. June 9, 2023). "To be eligible for an exemption from PACER user fees, the requesting party must show that an

exemption is necessary to: (1) avoid unreasonable burden; and (2) promote public access to information." *Blount v. Whole Foods Mkt. Downtown Nashville*, No. 3:23-cv-00343, 2025 WL 2054362, at *5 (M.D. Tenn. July 22, 2025) (citation omitted). "A party must demonstrate that both standards have been met in order for a court to grant an exemption from payment of this fee." *Tolston v. City of Atlanta*, 723 F. Supp. 3d 1263, 1324 (N.D. Ga. 2024) (citation omitted). *In forma pauperis* status does not automatically entitle a plaintiff to exemption from PACER fees. *Blount*, 2025 WL 2054362, at *6 (collecting cases). "User fees should not be waived in the absence of exceptional circumstances." *Tolston*, 723 F. Supp. at 1324.

Plaintiff does not demonstrate that PACER fees present him with an unreasonable burden. As a party to this case, he receives filings free of charge. The Court discerns no exceptional circumstances that warrants a waiver in this case. In any event, based on this ruling, the case is at its end. Accordingly, the Court **DENIES** Mr. Sifuentes' motion for unlimited access without cost to PACER.

Finally, based on the foregoing analysis, the Court determines that Plaintiff's motion for summary judgment and motion to strike Progressive's defenses are **MOOT**.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for appointment of counsel and for electronic access to the docket without cost (ECF No. 27); **GRANTS IN PART** Defendant's motions for judicial notice (ECF No. 10; ECF No. 20) and **GRANTS** Defendant's motion to dismiss without leave to amend

(ECF No. 21).  Therefore, the Court **DENIES AS MOOT** Plaintiff's motion for summary judgment (ECF No. 25) and his motion to strike Defendant's affirmative defenses (ECF No.26) and **OVERRULES** his objection (ECF No. 28).

  **SO ORDERED.**

Dated:  June 12, 2026

_____
  J. Philip Calabrese
  United States District Judge
  Northern District of Ohio

21