**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID ANGEL SIFUENTES III., | ) | Case No. 1:25-cv-1253 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| PROGRESSIVE CORPORATION, | ) | |
| (a/k/a Progressive Casualty | ) | |
| Insurance Company) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff David Sifuentes seeks reconsideration under Rule 59 and Rule 60 of the Court's Order dismissing his lawsuit.  In his first amended complaint, Plaintiff alleged that his former auto insurance provider, Defendant Progressive Corporation, improperly settled two insurance claims in December 2024 and February 2025.  The Court dismissed these claims based on the doctrine of collateral estoppel.  Plaintiff also brought claims arising from a 2018 data breach that compromised Progressive's data and leaked some of Mr. Sifuentes' personal information.  This claim the Court dismissed as time-barred.  Plaintiff also seeks leave to file a second amended complaint.

Justifying reconsideration requires a moving party to:  (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice.  *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*,

1

590 F.3d 381, 389 (6th Cir. 2009).  A district court retains the discretion to entertain such a motion.  *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).  Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment.  *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989).   After all, such motions are aimed at *reconsideration*, not initial consideration.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

Here, Plaintiff presents no new evidence or arguments that were not previously available to him.  Instead, Plaintiff bases reconsideration on avoiding manifest injustice.  Based on the Court's review of the record and its Opinion and Order dated June 12, 2026, the Court sees only a manifest injustice from allowing Mr. Sifuentes to continue to engage in serial litigation.  He had two opportunities to attempt to state a claim under either theory.  He failed to do so.  A third try is not warranted.

On that score, Plaintiff now seeks leave to file a second amended complaint.  He does so expressly to correct certain deficiencies in his allegations arising from the data breach that the Court identified in its Opinion and Order.  But Mr. Sifuentes is *not* entitled to an advisory opinion regarding how to plead his claims.  In any event, his proposed amendment is futile, and he offers no basis to set aside the judgment, a necessary precondition to amending.  Although Rule 15 generally directs a court to

give leave to amend freely, Fed. R. Civ. P. 15(a)(2), where an adverse judgment has been entered, the request to amend presents "a different story." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).  In that context, courts must consider the competing interests of finality and the expeditious termination of litigation.  *Id.* at 615–16 (citing *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).  "If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Id.* at 616 (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.)).  Such is the case here.  Accordingly, there is no basis for amendment here.

For these reasons, the Court **DENIES** Plaintiff's motion for reconsideration and for leave to amend.  (ECF No. 36.)

**SO ORDERED.**

Dated:  June 27, 2026

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio